WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Oliver,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-12-00466-TUC-CRP<br><br>**ORDER** |

On March 31, 2014, the Court filed an Order remanding this case for further proceedings to consider whether Plaintiff is disabled under the Social Security Act. (Doc. 32, Order). Judgment was entered accordingly. (Doc. 33). Plaintiff through counsel has filed a Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 34). Defendant has filed an Opposition to Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act. (Doc. 35, Opp.). Plaintiff has filed a Response to Defendant's Opposition to EAJA Fees and Supplemental Fee Request. (Doc. 38). This case is before the Court based on the parties' consent to Magistrate Judge jurisdiction. (Doc. 15).

In the original Motion, Plaintiff sought an attorney's fee award of $9087.54 based on 48.61 hours of service performed during 2012-2013. (Doc. 34). Defendant has not disputed

1  that Plaintiff was the prevailing party but contends that Plaintiff has not clearly set forth in her
2  Motion the hourly rate for the fees requested.  Defendant objects that its position in the case
3  was substantially justified, that Plaintiff's request for compensation is excessive, and that a
4  fee award of $6,279.24 for 34.754 hours of attorney work on the case at $189.00 per hour is
5  reasonable.  (Doc. 35 at 4, 10 & n.2). Defendant clarifies that its submission of a reasonable
6  fee amount does not include the 3.3 hours Plaintiff mentions as counsel's work performed in
7  connection with the EAJA Motion.  (Doc. 35 at 1-2; see Doc. 34 at 9).  In her Response and
8  Supplemental Fee Request, Plaintiff has requested $9,087.54 in attorney's fees for time spent
9  on the substantive briefing plus $1,613.13 for time spent on the EAJA fees briefing for a total
10 attorney's fee award of $10,700.67.   (Doc. 38 at 20-22). Plaintiff calculated counsel's hourly
11 rate as $180.59 per hour for work performed in 2011, $184.32 per hour for work performed
12 in 2012, and $186.55 per hour for work performed in 2013.  (Doc. 38 at 1).  Plaintiff's counsel
13 claims 8.5 hours of work at the hourly rate of $189.78 for the EAJA briefing.  (Doc. 38 at 22).

**Whether Plaintiff is Entitled to an Award of Attorney's Fees**

15        The EAJA provides that a prevailing party in a civil suit against the federal government
16 shall be awarded attorney's fees unless the court finds that the government's position was
17 substantially justified or that special circumstances make the award unjust.  28 U.S.C. §
18 2412(d)(1)(A). To meet the "substantially justified" standard under the EAJA, "the
19 government must advance a position that is 'justified in substance or in the main – that is,
20 justified to a degree that could satisfy a reasonable person.'"  *Le v. Astrue*, 529 F.3d  1200,
21 1201 (9th Cir. 2008) (quoting *United States v. Marolf*, 277 F.3d 1156, 1161 (9th Cir. 2002)).
22 "[T]he government's position must have a reasonable basis in law and fact" and "be
23 substantially justified at each stage of the proceedings."  *Shafer v. Astrue*, 518 F.3d 1067,
24 1071 (9th Cir. 2008).  The court's inquiry is limited to the issues that led to remand.  *Hardisty*
25 *v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010).  The Commissioner has the burden to show
26 that its position was substantially justified or that special circumstances exist to make an
27 award unjust.  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Defendant contends its position was substantially justified, that is, reasonable in law and fact, even though the Court found that remand was necessary. Defendant specifically argues that the Court's rejection of findings by the Administrative Law Judge ("ALJ") was based on the finding that the ALJ had not sufficiently set forth his reasoning. According to Defendant, such "articulation standards" in the context of Social Security cases are flexible and that deficiencies in articulation alone do not warrant an award of attorney fees. Defendant contends that the Court's resolution of this case turned on the weight and evaluation of the evidence and thus the Commissioner's defense of the ALJ's findings was substantially justified.

In this case, the ALJ found that Plaintiff had severe impairments related to her back condition and chronic low back pain and related to headaches. (Doc. 32, Order at 4). Plaintiff asserted on appeal that the ALJ's residual functional capacity ("RFC") assessment was flawed because the ALJ improperly rejected an examining doctor's opinion and Plaintiff's credibility; that the ALJ erred at step two in finding that her depression was not severe; and that the ALJ improperly relied on the medical vocational guidelines. (*Id*. at 2). Examining consultant Jerri B. Hassman, M.D., reported on Plaintiff's back condition and assessed certain physical restrictions in lifting, carrying, and range of motion. (*Id*. at 4-5). The ALJ submitted interrogatories to orthopedic surgeon Michael Gurvey, M.D., who opined that Plaintiff could perform light work with some restrictions. (*Id*. at 5). The ALJ found that Plaintiff could perform the full range of sedentary work as consistent with certain findings reported by Dr. Hassman. (*Id*. at 5-6). The ALJ's findings constituted error because the ALJ's RFC assessment omitted additional restrictions as reported by Dr. Hassman and because the ALJ did not provide specific and legitimate reasons for accepting some, but not all, of Dr. Hassman's opinion. (*Id*. at 6-7).

The Court also found that the ALJ erred in assessing Plaintiff's credibility. (*Id*. at 9-12). The ALJ had pointed out that none of Plaintiff's doctors imposed work restrictions but the record showed that Plaintiff's treating physicians did not evaluate or comment on

- 3 -

1  Plaintiff's RFC and thus the absence of work restrictions had little bearing on Plaintiff's
2  credibility. (*Id.* at 9). The ALJ stated that there were numerous instances in the record that
3  were indicative of Plaintiff's non-compliance with the medical regimen specified by her
4  physicians but the ALJ did not support this finding with any record support. (*Id.* at 9). The
5  Court found that "[r]eview of the record does not reflect Plaintiff's non-compliance with
6  medical regimen" but that she consistently sought treatment for her conditions and pain. (*Id.*
7  at 9-10). The Court further found as "unavailing" the ALJ's finding that Plaintiff was not
8  credible because she did not exhibit weight loss and diffuse muscle atrophy which the ALJ
9  indicated were common side effects of chronic pain. (*Id.* at 10). The ALJ and Defendant did
10 not refer to any medical provider statement in the record indicating that these conditions
11 would necessarily accompany Plaintiff's impairments. (*Id.*) As the Court found, there was
12 "no basis on this record to disbelieve Plaintiff because she did not exhibit the side effects
13 described by the ALJ." (*Id.*).

14         Finally, the ALJ erroneously relied on the Grids to determine that Plaintiff was not
15 disabled. (*Id.* at 15). The Court found that certain specific limitations imposed by Dr.
16 Hassman required the use of a vocational expert. (*Id.*). These limitations had been
17 improperly omitted from the RFC assessment. (*Id.*).

18         In sum, contrary to Defendant's argument, the ALJ's errors were not limited to
19 "articulation standards." The ALJ erred by omitting material medical evidence in making his
20 RFC assessment. The ALJ erred by making findings and conclusions relevant to the disability
21 determination that were not supported by record evidence. And the ALJ erred by improperly
22 relying on the Grids when medical evidence of record required the use of a vocational expert.
23 Because of the ALJ's several fundamental errors, Defendant's position was not substantially
24 justified.

25 **Reasonableness of the Attorney's Fees Request**

26         In support of the request for attorney's fees, Plaintiff's counsel contends that the issues
27 in this case were "multiple and complex" and the record consisted of 774 pages, all of which
28

1 necessitated detailed briefing. (Doc. 34 at 3-4). Counsel points out that she was not
2 Plaintiff's attorney before the Social Security Administration and thus had to become familiar
3 with the record at the federal court level. (*Id*. at 4-5). Counsel states she is a sole practitioner
4 with a limited part-time assistant but that she has "significant experience in disability cases."
5 (*Id*. at 5).

6 Defendant objects that the 30 hours of attorney work Plaintiff's counsel has reported
7 for preparing and drafting the statement of facts regarding Plaintiff's opening brief is
8 excessive. Defendant points out that Plaintiff's opening brief was excessively long in that it
9 consisted of 26 pages with an attached statement of facts totaling 18 pages. (Doc. 35 at 10).
10 Defendant argues for a 15-hour reduction of the hours billed for preparing brief and the
11 statement of facts. (*Id*.). Defendant contends that the issues in this case were not novel and
12 the record was not uncommonly long. (*Id*.).

13 The Court will sustain Defendant's objection in part and reduce the hours counsel spent
14 preparing the statement of facts to 20 hours. This amounts to a deletion of ten hours at the
15 2013 hourly rate of $186.55, for a total reduction of $1,865.50. The Court will allow
16 Plaintiff's counsel's request for $1,613.13 for time spent on the EAJA fees briefing. The
17 Court finds that an attorney's fee award of $8,835.17 is reasonable based on the complexity
18 of the issues and the attorney work involved in bringing this case to a decision.

19 **Payment of Attorney's Fees**

20 Defendant contends that any award of attorney's fees should be ordered payable to
21 Plaintiff, not to Plaintiff's attorney, and are subject to the Treasury Offset Program, citing
22 *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). (Doc. 35 at 10, n. 3). Plaintiff contends that the fee
23 award has been assigned to Plaintiff's counsel based on the retainer agreement. The Court
24 / / / /
25 will direct that the attorney's fees are awarded to Plaintiff.

26 Accordingly,

27

28

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 34) 28 U.S.C. § 2412d) (Doc. 34) is **granted** to the extent that Plaintiff is awarded **$8,835.17** in attorney's fees.

**IT IS FURTHER ORDERED** that if, after receiving the Court's EAJA fee order, the Commissioner (1) determines that Plaintiff has assigned her right to EAJA fees to her attorney; (2) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program; and (3) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney Deborah P. Hansen.

DATED this 3rd day of November, 2016.

_Charles R. Pyle_
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE